FILED
2016 Feb-23 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No: 2:13-cv-1835-KOB |
| CAROLYN DENMARK, et. al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 8, 2016 (doc. 46), recommending that the court grant State Farm's motion for summary judgment regarding Defendant Carolyn Denmark's underlying personal injury action currently pending in state court and deny as moot the motion regarding the underlying wrongful death action that has been settled and dismissed (doc. 29); deny as moot Denmark's motion to compel (doc. 36); and issue an Order declaring State Farm has no duty to defend or indemnify the Wren Defendants for the claims asserted against them in Denmark's underlying personal injury action. On January 20, 2016, Denmark filed "Objections and Motion to Alter, Amend and Vacate a Portion of the Trial Court's Order Issued on January 8, 2016." (Doc. 47).

Denmark's objections that the magistrate judge erred in only considering the policy submitted by State Farm are OVERRULED. State Farm's certified policy is the only one offered in effect at the time of the accident. Wren submitted no evidence that the portions of the policy she submitted were in effect at the time of the accident and, thus, could not have supported coverage. The magistrate judge did consider language from those policies in footnotes and correctly concluded that the result would have been the same under either policy. (*See* doc. 46,

fns 9, 11, 13).

Moreover, the insured—or one seeking coverage—has the burden to prove coverage. *See FCCI, Inc. v. Captstone Process Sys., LLC*, 49 F. Supp. 3d 995, 998 (N.D. Ala. 2014) (citing *Colonial Life & Acc. Ins. Co. v. Collins*, 194 So. 2d 532, 535 (Ala. 1967)). Without State Farm's certified policy, no proof exists that any coverage was in effect at the time of the accident. Therefore, the court, after careful consideration, OVERRULES all of Denmark's objections and finds that her motion to vacate portions of the magistrate judge's report and recommendation is due to be DENIED (doc. 47).

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Denmark's objections. The court ADOPTS the magistrate judge's report and ACCEPTS her recommendations.

Specifically, the court finds no genuine issues of material fact that the Wrens were not insured under the business policy in effect on the date of the accident for the following reasons:

(1) The policy states that ". . . any Executive Officer . . . is not an insured for any auto owned or leased by such officer . . . or a member of his or her household." (Doc. 29-1 at 83). Because the car involved in the accident driven by Mrs. Wren was owned by her husband, the court finds that the Wrens were not insured under the policy;

(2) Mrs. Wren was not insured as explained above; therefore, the court finds irrelevant whether she was conducting business of the salon at the time of the accident; and alternatively

(3) The court finds that the Auto Exclusion precludes coverage because the bodily injury arose "out of the. . . use . . . of any . . . auto . . . owner or operated by . . . any insured [Wren]" and no exception to the exclusion applies.

Based on these findings, the court agrees with the magistrate judge that summary

judgment for State Farm is due to be GRANTED regarding Denmark's underlying personal injury action currently pending in state court and DENIED AS MOOT regarding the underlying wrongful death action that has been settled and dismissed; that Denmark's motion to compel is due to be DENIED AS MOOT; and that the court should ENTER an Order declaring that State Farm has no duty to defend or indemnify the Wren Defendants for the claims asserted against them in Denmark's underlying personal injury action.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 23rd day of February, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE